1 | Vaughn R Walker
Law Office of Vaughn R Walker
2 | Four Embarcadero Center, Suite 2200
San Francisco, CA 94111
3 | Telephone: (415) 871-2888
Facsimile: (415) 871-2890
4 | Email: vrw@judgewalker.com

5

6

7

8

9

10 | IN THE UNITED STATES DISTRICT COURT

11 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13 | IN RE CATHODE RAY TUBE (CRT) ANTITRUST LITIGATION | MDL No 1917

14 | | Master Case No 3:07-cv-05944SC

15 | This Relates to:

16 | | **SPECIAL MASTER'S REPORT AND RECOMMENDATION IN RESPONSE TO THE COURT'S ORDER FILED FEBRUARY 9, 2015**

17 | Scheduling Order Filed 02/09/2015

18

19

20

21

22

23

24

25

26

27

28

SPECIAL MASTER'S REPORT AND RECOMMENDATION TO COURT'S ORDER FILED 2/9/15                    Page **1** of **6**

This report and recommendation responds to that provision of the court's scheduling order filed February 9, 2015 calling upon the undersigned to produce a report and recommendation regarding the status of class action settlements in the above litigation.

**1. Direct Purchaser Class Actions.**

As of this date and except as noted hereafter, all cases brought by the direct purchaser class have settled, settlement agreements have been executed by the parties to those settlements and the court has granted final approval to those settlements and no objections to those settlements were filed. The exceptions to the foregoing are as follows:

(a) The direct class plaintiffs and Thomson defendants[1] have settled, a settlement agreement has been executed, a motion for preliminary approval of that settlement is on file together with the court's requests for additional submissions (see Doc #3810) which were filed on April 9, 2015.

(b) Preliminary approval of the direct purchaser class plaintiffs' claims against the Hitachi[2] and SDI[3] defendants has been granted over the objection to those settlements filed by the Sharp[4] entities as a result of the court's denial of the exclusion of the Sharp entities from the direct purchaser class settlement. On September 18, 2014, Sharp filed an appeal from the denial of the motion to enlarge time and for reconsideration. Doc #2856. This appeal was docketed in the Ninth Circuit on September 23, 2014, but was subsequently dismissed for want of a final judgment. Hence, jurisdiction over Sharp's objection has returned to this court. Notwithstanding the dismissal of its appeal, Sharp has expressed its intention to appeal a final approval order.

---

[1] Thomson SA (n/k/a Technicolor SA) and Thomson Consumer Electronics, Inc (n/k/a Technicolor USA, Inc.)
[2] Hitachi Displays, Ltd (n/k/a Japan Display, Inc); Hitachi America, Ltd; Hitachi Asia, Ltd; Hitachi Electronic Devices (USA), Inc ("Hitachi") Indonesia and Beijing Matsushita Color CRT Co, Ltd.
[3] Samsung SDI Co, Ltd (f/k/a Samsung Display Devices Co, Ltd); Samsung SDI America, Inc; Samsung SDI Brasil, Ltd; Tianjin Samsung SDI Co., Ltd; Samsung Shenzhen SDI Co, Ltd; SDI Malaysia Sdn Bhd and SDI Mexico SA de CV.
[4] Sharp Electronics Corporation and Sharp Electronics Manufacturing Company of America, Inc.

(c) No settlement has been reached by the direct purchaser class plaintiffs and the Mitsubishi[5] defendants, although a motion to certify the claims of the direct purchaser class against the Mitsubishi defendants is being briefed by the parties – plaintiffs' reply brief was due April 12, 2015 and hearing of the motion is set for May 1, 2015 at 10:00 am. (Doc #3184). In the event the court grants preliminary approval of the direct purchaser class settlement with the Thomson defendants, all direct purchaser class settlements will have received preliminary approval, except for the action against the Mitsubishi defendants.

**2. Indirect Purchaser Class Actions.**

Settlements have been reached in all cases brought by the indirect purchaser class and settlement agreements have been executed. Motions for final approval of indirect purchaser settlements have been granted in the actions against the Chungwha[6] and LG[7] defendants and motions for preliminary approval of the remaining five indirect purchaser actions are anticipated to be filed in the near future.

**3. Recommended Class Action Approval Process.**

To facilitate the orderly consideration of anticipated settlement approval motions, the court should set a cutoff date for the filing of such motions. After consulting counsel, a deadline of June 1, 2015 is workable. In setting this deadline, the court may also wish to provide that any class action settlement for which a preliminary approval motion has not been filed by the deadline will be stayed until after disposition or remand of all direct action purchaser cases pending in this court. The reasons for this recommendation are as follows.

As the court is aware, a number of defendants have filed motions for summary judgment in both the class actions and in the direct action purchaser cases. These motions raise issues that affect the claims of all or virtually all parties in this litigation. Any ruling on those motions is likely to be subject to appellate review either

---

[5] Mitsubishi Electric Corporation; Mitsubishi Electric US, Inc and Mitsubishi Electric Visual Solutions America, Inc.
[6] Chunghwa Picture Tubes, Ltd and Chunghwa Picture Tubes (Malaysia) Sdn Bhd.
[7] LG Electronics Taiwan Taipei Co., Ltd; LG Electronics, Inc and LG Electronics USA, Inc.

after final judgment pursuant to 28 USC §1291 or, possibly, upon interlocutory review pursuant to 28 USC §1292(b).

The determinations made on these motions could have a material effect on the possible recoveries and exposures in this litigation. The law that will guide the court's decisions on these motions is in flux. Compare, e g, <u>Motorola Mobility v AU Optronics Corp</u>, 775 F 3d 816 (7 Cir 2015), reh'g denied and petition for certiorari docketed (03/16/2015); <u>In re TFT-LCD (Flat Panel) Antitrust Litigation</u>, 822 F Supp 2d 953 (N D Cal 2011). See also Meriwether, <u>Motorola Mobility and the FTAIA, If not Here, Then Where?</u>, 29 ABA Antitrust 8 (No 2, Spring 2015). The settlements now before the court and those anticipated shortly to be filed for approval have been negotiated in the face of those uncertainties. Because it would be unfair to the parties to alter the balance of factors upon which these settlements have been reached, the court would be well advised to defer ruling on these motions until after the class settlement approval process has been concluded and the outstanding settlements either approved or disapproved. Once final approval of the class action settlements has been granted or denied, the court may then turn to these motions before proceeding to trial setting.

The settlements of the class claims against all but one defendant also present a changed circumstance that the court may wish to consider. As previously noted, the Sharp entities failed to meet the deadline for opting out of the direct purchaser class and sought to enlarge the time for doing so. The court declined to enlarge time despite Sharp's undisputed good faith and the "vague and unconvincing" showing of prejudice to defendants, two of the factors laid down by the Supreme Court in <u>Pioneer Inv Servs Co v Brunswick Assocs Ltd P'ship</u>, 507 US 380 (1993). See Doc #2746. Rather, the court found that Sharp failed to meet the other two <u>Pioneer</u> factors: length of delay and the reason therefor. Id at 6. Almost immediately thereafter, Sharp sought reconsideration which the court denied finding that in the very brief time after first seeking enlargement of time to opt out Sharp had been unable to show a difference in, or emergence of new material, facts from its previous and attempt to enlarge the opt out period. See Doc #2814 at 5. The court noted, however, that whether to grant reconsideration is committed to the

1  court's sound discretion.  Id at 5.

2  As also noted, Sharp has expressed its intention to appeal the court's decision.  While a party's intention to appeal an adverse ruling affords no ground for reconsideration of that ruling, changed circumstances are an altogether different matter.  See N D Cal Civ LR 7-9(b).  The undersigned believes that the settlements of virtually all the class actions in this docket is the emergence of a new and material circumstance.  Sharp's objection and its intention to appeal is the only matter that stands between wrapping up all but one of the direct purchaser class cases if those settlements are given final approval by the court.  This changed and practical consideration warrants the court's reconsideration of enlarging the time for Sharp to opt out of the direct purchaser class settlement.

At the time Sharp sought reconsideration in September 2014, the circumstance that now, in the undersigned's view, makes reconsideration appropriate, the possibility that settlements would be reached in all or virtually all the class actions in this docket would have been entirely speculative.  Hence, the fact of these settlements could not reasonably have been anticipated by Sharp when it sought enlargement of time or reconsideration, much less could Sharp have predicted the timing of any such possibility.

In the undersigned's view, there can be no serious question that this development is material to the progress and ultimate resolution of this litigation.  Sharp's appeal of the approval of the direct purchaser class settlement would delay resolution of the class' claims and increase the expense of prosecuting those claims.  On the other hand, reconsideration of the denial of enlarging Sharp's time to opt out could significantly move the direct purchaser class action to final determination with attendant benefits to the class.  In weighing the appropriate factors for reconsideration, it is significant, in the undersigned's view, that the court has already found that the prejudice to the affected defendants, SDI and Hitachi, is "vague and unconvincing."  Doc #2746 at 6.

**4. Recommendation of the Special Master.**

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. The court establish a deadline of June 1, 2015 for the filing of any

SPECIAL MASTER'S REPORT AND RECOMMENDATION TO COURT'S ORDER FILED 2/9/15     Page **5** of 6

motions for preliminary approval of class actions settlements in this docket with the proviso that any settlement for which preliminary approval has not been sought by this deadline shall not be considered for approval unless and until all direct action plaintiff actions have been resolved or remanded;

    2. The court defer hearing and deciding any pending motions for summary judgment by defendants until after final approval or disapproval of the motions to approve class action settlements for which preliminary approval was sought on or prior to June 1, 2015; and

    3. The court grant leave to the Sharp entities to seek reconsideration of the prior orders denying enlargement of time for the Sharp entities to opt out of the direct purchaser class settlement and reconsideration of that decision.

IT IS SO REPORTED AND RECOMMENDED.

Dated: April 17, 2015

_____
Vaughn R Walker
United States District Judge (Retired)
Special Master

    The Recommended Order of the Special Master is Accepted and Ordered / Denied / Modified.

Dated: April ___, 2015

_____
Honorable Samuel Conti
United States District Judge